WARDEN, NEVADA STATE PRISON, APPELLANT, *v.* ROY O'BRIAN, RESPONDENT.

No. 9032

April 7, 1977                    562 P.2d 484

*Robert List,* Attorney General, and *David B. Small,* Deputy Attorney General, Carson City, for Appellant.

*Horace R. Goff,* State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On December 16, 1974, Roy O'Brian entered a guilty plea to the charge of armed robbery, a felony under NRS 200.380.

On March 30, 1976, he petitioned for a writ of habeas corpus asserting various reasons why he should be released from confinement. The writ was directed to Edwin T. Pogue, the then warden of the prison.

A return to the writ contained the following language: "Comes now Edwin T. Pogue, Warden of the Nevada State Prison, respondent, through his counsel, George E. Holt, Clark County District Attorney, by Bill C. Hammer, Deputy District Attorney. . . ." The return bears the signature of the deputy district attorney, but not that of the warden.

During argument on the writ the district judge concluded that under NRS 34.430 the warden was required to personally sign the return; and, since he had not done so, the judge granted respondent's motion to strike the "defective return." He also summarily granted habeas. The warden has appealed.

When the allegation of a defective return was raised, the attorney appearing on behalf of the warden requested a short recess in order to conform the return to the satisfaction of the district judge. It has been held that default judgments in habeas corpus proceedings are not available as procedure to empty state prisons. Allen v. Perini, 424 F.2d 134 (6th Cir. 1970). *See* Marshall v. Geer, 344 P.2d 440, 442 (Colo. 1959), which held that the court "should not blindly and arbitrarily release a prisoner, not entitled to release, because of a late return and answer or even because of total lack of a return or answer." We need not decide whether, indeed, the return was defective. Assuming that it was, the district court should have permitted an appropriate amendment. Reversed and remanded.[1]

---

[1]At this juncture, we need not, and therefore do not, consider whether, under NRS 177.315(3) and 177.375(1), the habeas petition was cognizable in the district court.