VERNON HOUSEWRIGHT, Director, Nevada State Prison, Appellant, v. KEITH IRVING POWELL, Respondent.

No. 15264

December 11, 1985                                              710 P.2d 73

[Rehearing denied June 26, 1986]

*Brian McKay*, Attorney General, and *William A. Hehn* and *Ernest E. Adler*, Deputy Attorneys General, Carson City, for Appellant.

*Aebi, FitzSimmons & Lambrose*, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondent Powell's post-conviction petition for writ of habeas corpus. Powell's petition challenged two guilty pleas as constitutionally infirm on the ground that Powell had not been informed at the time he entered his pleas that his sentences would necessarily be consecutive because each of the two offenses was committed while Powell was "under sentence of imprisonment." *See* NRS 176.035(2). The district court concluded that the pleas were constitutionally infirm and permitted Powell to withdraw his pleas. The state then appealed. For the reasons set forth below, we reverse the district court's order.[1]

---

[1]We note initially that Powell argues that the state should not be permitted to raise any arguments on appeal against the district court's order granting the writ of habeas corpus, because the state did not file an opposition to the petition in the court below. As we have previously noted, however, "a court 'should not blindly and arbitrarily release a prisoner, not entitled to release, because of a late return and answer or even because of [a] total lack of a return or answer'." Warden v. O'Brian, 93 Nev. 211, 212, 562 P.2d 484, 485 (1977) (quoting Marshall v. Geer, 344 P.2d 440, 442 (Colo. 1959)). In any event, the district court's decision to release Powell constituted plain error which is subject to review by this court despite a failure to raise the error in the court below. *See* NRS 178.602.

Powell was originally convicted in 1978 of one count of possession of stolen property and was sentenced to a four year term of imprisonment. While he was free on bail pending the appeal of this conviction, Powell committed two additional felonies. At the time he pleaded guilty to these additional crimes, Powell was not informed of the existence of NRS 176.035(2), which provides that "[w]henever a person under sentence of imprisonment commits another crime constituting a felony and is sentenced to another term of imprisonment for such felony, such latter term shall not begin until the expiration of all prior terms." Thus, the statute provides for mandatory consecutive sentencing for any felony committed while under a sentence of imprisonment for a prior felony. Since Powell was under a "sentence of imprisonment" when he committed the last two felonies, he was subsequently sentenced to consecutive sentences on each of those two offenses, to run consecutively to the sentence Powell was serving for his initial stolen property conviction.

Powell did not appeal from his judgments of conviction in the above two cases. Instead he waited until over one year later to file a post-conviction petition for a writ of habeas corpus in which he contended that his two guilty pleas were not entered knowingly and intelligently because he had not been informed that his sentences would necessarily be consecutive. The district court agreed with Powell's argument and therefore granted the writ.

[Headnote 3]

Initially, we note our agreement with the district court's conclusion that Powell should have been advised of the mandatory consecutive sentencing provisions of NRS 176.035(2), at the time he entered his pleas. When accepting a guilty plea, the district court must inform the defendant of "the consequences of the plea, the range of punishments." *See* Hanley v. State, 97 Nev. 130, 133, 624 P.2d 1387, 1389 (1981). The fact that Powell faced mandatory consecutive sentences was an important and direct consequence of Powell's pleas and was critical information which should have been conveyed to him to insure that his pleas were entered knowingly and intelligently. *Cf.* Meyer v. State, 95 Nev. 885, 603 P.2d 1066 (1979) (fact that offense to which defendant was pleading was not probational was critical to defendant's understanding of the nature of his plea). *See also* Parkerson v. State, 100 Nev. 222, 678 P.2d 1155 (1984) (defendant must be informed that the state is seeking a finding of habitual criminality when he enters his plea and must understand possible sentencing consequences of such a finding).

Our review of the record, however, reveals that Powell waived his right to assert this issue by not raising it at his subsequent

sentencing hearing when he was informed of the existence of the mandatory sentencing provision. Specifically, we note that Powell's attorney advised the district court of the existence of the statute at the sentencing hearing in Powell's presence. Powell's attorney admitted that the statute required consecutive sentencing as to two of his sentences, but argued that the statute did not mandate a consecutive sentence as to the remaining offense.[2] The district court expressed its belief that the statute required consecutive sentencing as to all three offenses, but nevertheless ordered the parties to brief the issue. Powell was then given an opportunity to speak at the sentencing hearing, but did not express any concern over the possible application of the statute to his case.

Moreover, the record reveals that the statute's possible application to his case was discussed in Powell's presence on at least one other occasion in open court; further, Powell himself admitted at the evidentiary hearing held on his habeas corpus petition that his attorney had discussed the possible application of the mandatory consecutive sentencing provision with him prior to the day of the sentencing hearing. Despite the fact that sentencing was delayed several days after Powell was first informed of the mandatory consecutive sentencing statute, there is no indication in the record that Powell ever expressed any misunderstanding or confusion concerning the possible application of the statute to his case, or that he ever objected to the possibility. Instead, Powell waited until over one year later to bring the issue to the district court's attention.

Powell was fully aware of the mandatory sentencing statute prior to the time he was actually sentenced and his failure to express any concern over the impact of the statute indicates to us that he was fully satisfied with his plea, despite the possible application of the statute. Naturally, it would have been preferable for the district court to have informed Powell of the existence of the mandatory sentencing provisions of NRS 176.035(2), when Powell first entered his plea. In fact, if Powell had filed a motion to withdraw his guilty plea when he first learned of the existence of this statute, we believe the district court would probably have been obligated to grant the motion. *See generally* Hanley v. State, *supra.* However, we will not permit a defendant to stand silent at sentencing when presented with critical information concerning his sentence, and then wait one year, with full knowledge of that information, to raise a challenge to the voluntariness of his plea based on an alleged lack of knowledge of the information at the

---

[2]The parties have now agreed that NRS 176.035(2) did indeed require consecutive sentencing for all three offenses since Powell committed both of the latter two felonies while under a sentence of imprisonment.

time of the plea entry. To do so would make a mockery of our guilty plea system.

Accordingly, we conclude that the district court erred by granting Powell's petition for a writ of habeas corpus.[3] The district court's order is therefore reversed and this matter is remanded to the district court for further proceedings consistent with this opinion.[4]

---

[3]We also deny Powell's motion to dismiss this appeal, which was brought on the ground that the state did not file a timely notice of appeal. The state filed its notice of appeal thirteen days after the district court filed its order granting Powell's petition, within the fifteen day time period for filing a notice of appeal which existed at that time. *See* Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). We note that NRS 34.380, as amended in 1985, now provides that a party shall have 30 days from the date of service of written notice of entry of the order within which to file its notice of appeal in a habeas corpus proceeding.

[4]THE HONORABLE JUSTICE JOHN MOWBRAY voluntarily disqualified himself from consideration of this appeal.