O'NEAL ROSEMOND, Appellant v. THE STATE OF NEVADA, Respondent.

No. 18878

June 24, 1988                                                    756 P.2d 1180

*O'Neal Rosemond*, in Proper Person, for Appellant.

*Brian McKay*, Attorney General, Carson City; *Rex Bell*, District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On March 27, 1985, appellant entered a guilty plea to one count each of possessing a credit card without consent of the owner and possessing a stolen vehicle.[1] During the plea canvass,

---

[1] In exchange for appellant's plea, the state agreed to recommend dismissal of two other charges (burglary and unauthorized sale of credit cards).

appellant stated that he understood that he could receive a maximum sentence of six years imprisonment on the credit card offense and a maximum sentence of ten years on the charge involving the stolen vehicle. Based upon the totality of appellant's representations at the plea canvass, the district court determined that appellant's pleas were entered "freely and voluntarily with full knowledge of the possible consequences." Consequently, the district court accepted appellant's pleas. The court subsequently sentenced appellant to a term of six years imprisonment on the credit card offense and a consecutive term of ten years on the vehicle offense.

On March 18, 1987, appellant filed a petition for a writ of habeas corpus challenging the validity of his guilty pleas. The district court summarily dismissed appellant's petition without appointing counsel or conducting an evidentiary hearing. This appeal followed. We have considered the record on appeal, and we conclude that appellant cannot demonstrate error on appeal and that further briefing and oral argument are not warranted.[2] *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976).

Appellant contended that his pleas were not knowingly and intelligently entered because he had not been fully informed of the consequences of the pleas and the full range of punishments which could be imposed. *See* NRS 174.035(1); Director, State Prison v. Powell, 101 Nev. 736, 710 P.2d 73 (1985). Specifically, appellant noted that the district court failed to inform him that the six-year and ten-year sentences could be imposed consecutively, resulting in a maximum sentence of sixteen years. Appellant argued that this failure rendered his pleas constitutionally infirm. We disagree. In Director, State Prison v. Powell, 101 Nev. 736, 710 P.2d 73 (1985), this court held that before accepting a guilty plea, a district court must inform a defendant of *mandatory* consecutive sentences. We decline, however, to extend the rule of *Powell* to cases involving possible consecutive sentences. Where a defendant is pleading to separate counts and understands the maximum sentence which may be imposed upon *each* count, the possibility that the sentences may be imposed consecutively is implicity understood and is not a consequence that must be explained to the defendant. *See* United States v. Hamilton, 568 F.2d 1302 (9th Cir.), *cert. denied,* 436 U.S. 944 (1978); Paradiso v. United States, 482 F.2d 409 (3rd Cir. 1973). In State v. Wesley, 640 P.2d 177 (Ariz. 1982), the Supreme Court of Arizona perceptively observed:

[T]he possibility of receiving consecutive sentences is not

---

[2]We have also considered the supplemental documents submitted by appellant in proper person on May 27, 1988.

a . . . consequence that must be disclosed to the defendant under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There is no constitutional right to receive concurrent sentences for two separate offenses. Furthermore, we are of the opinion that the requirement of Rule 17.2(b) [requiring the court to inform a defendant of the range of possible sentences for the offense to which the plea is offered] as well as those of *Boykin* do not apply to a consequence so obvious as separate punishments for separate crimes. Appellant must be presumed to have been aware of the possibility of consecutive sentencing. We note that the ninth circuit is in accord with our holding that a trial court is not required to advise a defendant of the possibility of consecutive sentences before accepting his guilty plea.

*Wesley,* 640 P.2d at 179 [citations omitted]. We agree with the reasoning of *Wesley.* Because the district court informed appellant of the maximum sentence which could be imposed upon each count, we conclude that appellant was fully informed of the consequences of the plea and the range of punishments which could have been imposed. Appellant's pleas were, therefore, voluntarily and knowingly entered. *See* Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986). Because appellant's contentions lacked merit, the district court properly denied appellant's petition without conducting an evidentiary hearing or appointing counsel. *See* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). Accordingly, we hereby affirm the order of the district court.