IN THE SUPREME COURT OF THE STATE OF NEVADA

NORBERTO MADRIGAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CRYSTAL ELLER, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 84010

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition seeks a writ of mandamus directing the district court to strike the State's untimely return and grant petitioner's pretrial petition for a writ of habeas corpus. On July 6, 2021, petitioner filed a pretrial habeas petition challenging his indictment for multiple drug-related offenses. A stipulated briefing schedule allowed the State until September 20, 2021, to file a return. When no return was filed, petitioner filed a motion for an order granting his pretrial habeas petition on October 28, 2021. The State filed a return on November 3, 2021, and a subsequent supplement. The State acknowledged missing the filing date, indicating that it was due to inadvertence in not putting the matter on the prosecutor's calendar. The parties argued their positions at a hearing, and the district court denied the motion, finding excusable neglect and no prejudice resulting from the late filing.

22-32066

Traditionally, a writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest abuse or arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks and citations omitted). "[T]raditional mandamus relief does not lie where a discretionary lower court decision results from a mere error in judgment." *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1197 (2020) (internal quotation marks omitted). Even when the requirements of a traditional writ of mandamus are not met, this court may consider advisory mandamus relief "[w]here the circumstances establish urgency or strong necessity, or an important issue of law requires clarification and public policy is served by this court's exercise of its original jurisdiction." *Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 190, 160 P.3d 873, 875 (2007). It is solely within this court's discretion to issue a writ of mandamus. *Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 407, 451 P.3d 891, 893 (2019).

Having considered the pleadings and record, we conclude that extraordinary relief is not warranted in this case. Petitioner incorrectly relies on EDCR 2.25, a rule governing procedures in civil cases. And petitioner has not demonstrated that striking a late return or granting a

default judgment on a pretrial habeas petition is required by any statute or court rule such that the district court manifestly abused or arbitrarily or capriciously exercised its discretion in denying petitioner's motion. The provisions in NRS Chapter 34 relating to pretrial habeas petitions do not specify a time period for filing a return nor do they specify a consequence for filing a late return. Nevada Rules of Criminal Practice 9(3), however, provides a 10-day period for filing a return to a pretrial habeas petition but does not specify any consequence for the failure to file a timely return.[1] Nevada Rules of Criminal Practice 11(1) provides the district court discretion to extend or shorten a specified time-period. And Nevada Rules of Criminal Practice 8(4) does not mandate, but instead provides the district court discretion to treat an opposing party's failure to file an answer as an admission. Relying on a Colorado case for the proposition that a "court 'should not blindly and arbitrarily release a prisoner, not entitled to release, because of a late return and answer or even because of total lack of a return or answer,'" this court has observed "that default judgments in habeas corpus proceedings are not available." *Warden v. O'Brian*, 93 Nev. 211, 212, 562 P.2d 484, 485 (1977) (quoting *Marshall v. Geer*, 344 P.2d 440, 442 (Colo. 1959)). Aside from civil cases, petitioner has not provided relevant authority supporting his position that the district court was required to strike the late return or grant the pretrial habeas petition because of the late filing. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is

---

[1]A provision relating to a habeas corpus petition filed pursuant to NRS 34.360 specifies a 45-day period, or a longer period as fixed by the court, to file a return and answer to the petition. NRS 34.430(1). No consequence is specified for the failure to file a timely return.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

[petitioner's] responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). For these reasons, we

ORDER the petition DENIED.[2]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:    Hon. Crystal Eller, District Judge
       Pitaro & Fumo, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.