ABRAHAM J. CRUZADO, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 22619

July 7, 1994                                    879 P.2d 1195

[Rehearing denied December 30, 1994]

*Patricia M. Erickson,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, entered pursuant to a guilty plea, of five counts of sexual assault. The district court sentenced appellant to serve four consecutive terms of life with the possibility of parole and one concurrent term of life with the possibility of parole in the Nevada State Prison. The district court's judgment of conviction requires appellant to pay $2,950.76 in restitution.

Appellant contends that his plea agreement unconstitutionally required him to relinquish his right to appeal. We disagree. A knowing and voluntary waiver of the right to appeal made pursuant to a plea bargain is valid and enforceable. People v. Vargas, 11 Cal. Rptr. 2d 661 (Ct. App. 1992); United States v. Navarro-Botello, 912 F.2d 318 (9th Cir. 1990), *cert. denied,* 503 U.S. 942, 112 S. Ct. 1488 (1992). Appellant further contends that his attorney was ineffective because counsel did not clearly inform appellant that he was waiving his right to appeal and of the consequences of that waiver. Appellant thus argues that his plea was involuntary. We conclude, however, that the district court did not err in concluding that appellant's plea was knowingly and voluntarily entered, and that appellant's counsel was not ineffective. *See* Ford v. State, 105 Nev. 850, 854, 784 P.2d 951, 953 (1989) (district court's findings in post-conviction proceedings will not be overturned if they are supported by substantial evidence).

Appellant further contends that the district court erred in awarding restitution. We agree. Before accepting a defendant's guilty plea, a district court must inform the defendant of the direct consequences of the guilty plea. *See* Director, State Prison v. Powell, 101 Nev. 736, 738, 710 P.2d 73, 74 (1985). A restitution requirement is a direct consequence of a guilty plea of which the defendant must be informed. People v. Walker, 819 P.2d 861, 866 (Cal. 1991); State v. Phillips, 733 P.2d 1116, 1118 (Ariz. 1987); State v. War Bonnett, 428 N.W.2d 508 (Neb. 1988).

The record reveals that appellant was not informed of a possible restitution requirement before pleading guilty. Thus, the restitution requirement is not properly a part of appellant's judgment of conviction. Further, appellant's waiver of the right to appeal does not preclude this court from striking the restitution requirement. A waiver of the right to appeal does not prevent an appeal when the sentence imposed is not in accordance with the negotiated agreement. *Navarro-Botello,* 912 F.2d at 321. We therefore correct appellant's judgment of conviction by vacating the requirement that appellant pay $2,950.76 in restitution. With this modification, we affirm appellant's judgment of conviction.