ALLEN E. KOERSCHNER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 25389

March 30, 1995
892 P.2d 942

[Rehearing denied January 31, 1996]

*Allen E. Koerschner,* In Proper Person, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

## OPINION .

*Per Curiam:*

### *FACTS*

Appellant Allen Koerschner was charged with three counts of sexual assault. Following extensive plea negotiations, appellant signed a written plea agreement in which he agreed to plead guilty to one count of sexual assault. The agreement states that appellant understood the nature of the charges, the elements of the offense, the possible sentence, and the rights he waived by pleading guilty.[1]

Judge Nancy Becker accepted appellant's guilty plea after conducting a cursory plea hearing. Judge Becker's entire plea canvass consisted of a brief examination of whether appellant had actually signed and understood the written plea agreement:

> THE COURT:  All right. Sir, is your true name Allen Koerschner?
> THE DEFENDANT:  Yes, it is.
> THE COURT:  And you understand, if that is not your true name, you need to tell me what your true name is at this time?
> THE DEFENDANT:  Yes.
> THE COURT:  How old are you, sir?
> THE DEFENDANT:  Twenty-seven.
> THE COURT:  How many years of schooling have you had?
> THE DEFENDANT:  High school diploma.
> THE COURT:  Have you read the Amended Information and the Plea Bargain Agreement?
> THE DEFENDANT:  Yes.
> THE COURT:  Is there anything about either one of those documents you do not understand?
> THE DEFENDANT:  No.
> THE COURT:  Do you have any questions at all that you'd like to ask me about either one of those documents?
> THE DEFENDANT:  No.
> THE COURT:  And is your signature in fact contained on page nine of the Plea Bargain Agreement?

---

[1] The plea agreement states that appellant also waived his right to pursue a direct appeal and any post-conviction remedies. Under our decision in Hood v. State, 111 Nev. 335, 890 P.2d 797 (1995) appellant's waiver of the right to pursue post-conviction remedies is invalid.

THE DEFENDANT: Yes, it is.

THE COURT: All right. Based upon the Plea Bargain Agreement and the Amended Information, I do find that the defendant's plea is freely and voluntarily made and he understands the nature of the offense and the consequences of his plea, and I do accept his plea of guilty.

On November 30, 1992, the district court entered a judgment of conviction and sentenced appellant to serve in the Nevada State Prison a term of life imprisonment with the possibility of parole. No direct appeal was taken. On August 17, 1993, appellant filed in the district court a petition for a writ of habeas corpus. The state opposed the petition. On November 16, 1993, Judge Thomas Foley, without appointing counsel or conducting an evidentiary hearing, denied appellant's petition. This appeal followed.

## DISCUSSION

Appellant contends in a proper person brief that the district court's plea canvass was inadequate to determine whether he knowingly and voluntarily entered his guilty plea.[2] Appellant failed to raise this issue in the district court. Generally, failure to raise an issue below bars consideration on appeal. *See, e.g.,* Emmons v. State, 107 Nev. 53, 61, 807 P.2d 718, 723 (1991). We have relaxed this rule, however, in cases involving plain error or in cases raising constitutional issues. *Id.*

We elect to address appellant's contention that the district court's plea canvass was inadequate because the district court plainly erred. NRS 174.035(1) requires the district court to "personally" address criminal defendants who plead guilty to determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." We reaffirmed this requirement to "personally" canvass criminal defendants in Bryant v. State, 102 Nev. 268, 270, 721 P.2d 364, 367 (1986) (citing NRS 174.035(1)). We ruled, however, in that case that a "technically inadequate plea canvass" does not render a guilty plea invalid. *Id.* at 271, 721 P.2d at 367. Instead, "an appellate court should review the entire record, and look to the totality of the facts and circumstances of a defendant's case, to

---

[2]We direct the clerk of this court to file appellant's proper person opening brief which was received on April 4, 1994. We deny appellant's motion for the appointment of counsel.

determine whether a defendant entered his plea with an actual understanding of the nature of the charges against him." *Id.*

In *Bryant,* we did not intimate that the district court may dispense with its duty to personally canvass the defendant. *Bryant* stands for the proposition that an appellate court will not invalidate a plea simply because the plea canvass is technically deficient if the record demonstrates that the plea was entered knowingly and voluntarily. The district court's plea canvass in this matter was not merely technically deficient, it was wholly inadequate. The district court simply asked appellant to verify his signature on the written plea agreement. The brief exchange between the district court and appellant completely failed to determine, as required under NRS 174.035(1), whether appellant understood the nature of the charges and whether appellant pleaded voluntarily.

The existence of a written plea agreement did not remedy the district court's failure to personally canvass appellant. NRS 174.035(5) requires plea agreements to be in writing and signed by the defendant, counsel and the district attorney for all offenses for which probation is not allowed or for which the maximum prison sentence is more than ten years. The purpose behind this writing requirement is to supplement personal plea canvasses rather than supplant them. The legislative mandate to personally canvass defendants compels a more comprehensive canvass than was conducted in this case.

## CONCLUSION

Because the district court failed to personally canvass appellant, the district court erred in concluding that appellant knowingly and voluntarily entered his guilty plea. Accordingly, we reverse the district court's order denying appellant's petition for a writ of habeas corpus. We remand this matter to the district court with instructions to allow appellant to withdraw his guilty plea. Given our disposition of this appeal, we need not address appellant's remaining contentions.