RICHARD ALDEN KIDDER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 29086

February 26, 1997                                   934 P.2d 254

---

*Theodore J. Manos & Associates* and *Thomas C. Michaelides,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Carson City; *Stewart L. Bell,* District Attorney and *Vicki J. Monroe,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Richard Alden Kidder[1] pleaded guilty to one count of attempted sexual assault, and a judgment of conviction was entered accordingly in February 1995. In January 1996, Kidder filed a petition for a writ of habeas corpus with the district court, challenging the voluntariness of his plea. The court denied the petition on September 6, 1996. We conclude that the plea canvass conducted by the district court at Kidder's arraignment was inadequate and reverse.

---

[1]The clerk of the court shall amend the caption on this court's docket sheet to correspond to the caption on this order.

## FACTS

At Kidder's arraignment, the district court asked Kidder his age, the extent of his formal education, and whether he read and wrote English. Kidder answered that he was 41 years old, had obtained a GED, and did read and write English. The following colloquy then occurred.

The Court: Do you understand the nature of the charges contained against you in the information wherein you . . .

The Defendant: Yes, sir.

The Court: Do you understand that if you went to trial the State would have to prove beyond a reasonable [doubt] that between April 1994 and May 1994, in Clark County, Nevada, that you did then and there wilfully, unlawfully, and feloniously, attempt to sexually assault and subject [the victim] to sexual penetration to wit: sexual intercourse by you attempting to plac[e] your penis in her vagina and against her will; do you understand that, sir?

The Defendant: Yes, sir.

The Court: I have been given what purports to be a guilty plea memorandum; did you see it?

The Defendant: Yes, sir.

The Court: Did you read it?

The Defendant: Yes, sir.

The Court: Did you understand it?

The Defendant: Yes, sir.

The Court: Did you sign it?

The Defendant: Yes, sir.

The Court: Did your attorney answer any question about it that you wanted to ask?

The Defendant: Yes.

The Court: Are there any questions about it that you want to ask me?

The Defendant: No, sir.

The Court: And do you understand that the court will read and consider everything in your pre-sentence report in order to arrive at a fair and just sentence?

The Defendant: Yes, sir.

The district court then accepted Kidder's plea of guilty.

At his sentencing hearing, Kidder asked the district court to place him on probation. The state argued that Kidder "should go away for as long as he possibly could." The court sentenced Kidder to nine years in prison, the term recommended in his presentence report.

Kidder petitioned the district court for habeas relief in January 1996, contending that his plea canvass had been inadequate. He

alleged that his trial counsel had informed him that his sentence would be probation and that the state would stand silent at his sentencing. The district court denied the petition, noting that during the plea canvass Kidder said he understood and had signed the plea memorandum. The court also noted that the memorandum enumerated the constitutional rights being waived by Kidder and stated the plea was voluntary.

## DISCUSSION

On appeal, Kidder maintains that the plea canvass conducted by the district court was inadequate to show that his plea was knowing and voluntary.

When Kidder and the state entered into their plea agreement in October 1994, NRS 174.035(1) provided that a court "shall not accept [a guilty] plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea."[2] Although a district court should always conduct a sufficient and thorough plea canvass, this court does not consider only the technical sufficiency of the canvass to determine if a plea is valid. Bryant v. State, 102 Nev. 268, 271, 721 P.2d 364, 367 (1986). We review the entire record and look to the totality of the facts and circumstances of a case to determine the validity of a guilty plea. *Id.*

In *Bryant,* we did not intimate that the district court may dispense with a personal canvass of the defendant. Koerschner v. State, 111 Nev. 384, 387, 892 P.2d 942, 944 (1995). *Bryant* stands for the proposition that this court will not invalidate a plea simply because the plea canvass is technically deficient as long as the record shows that the plea was knowing and voluntary. *Id.* In *Koerschner,* the district court asked the defendant if he had read

---

[2] In 1995 the Legislature amended NRS 174.035. It now provides in pertinent part:

> 2. If a plea of guilty is made in a written agreement, the agreement must be in substantially the form prescribed in NRS 174.063. If a plea of guilty or guilty but mentally ill *is made orally,* the court shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.

(Emphasis added.) We need not determine the effect of this amendment because it does not apply to plea agreements entered into before July 1, 1995. 1995 Nev. Stat., ch. 480, § 6 at 1536.

the criminal information and the written plea agreement and if his signature was on the agreement. The defendant answered affirmatively. The court asked if there was anything the defendant did not understand about either document and if he had any questions about either one. The defendant answered these questions negatively. The court accepted his plea. *Id.* at 385-86, 892 P.2d 943. This court deemed the plea canvass "wholly inadequate" because it completely failed to determine whether the defendant understood the nature of the charges and was pleading voluntarily. *Id.* at 387, 892 P.2d at 944. The written plea agreement did not remedy the inadequate canvass because a written agreement supplements, but does not supplant, a personal plea canvass. *Id.*

Here, in personally addressing Kidder, the district court made sure that Kidder understood the elements of the attempted sexual assault that he was charged with. However, the court did not determine that Kidder was aware of the rights he was waiving by pleading guilty or the possible range of sentences he faced. The court also failed to determine that the plea was not the product of any coercion or improper promises. Thus, the plea canvass completely failed to determine that Kidder understood the consequences of his plea or that the plea was voluntary.[3]

Accordingly, after reviewing the entire record and considering the totality of the facts and circumstances in this case, we conclude that the district court's plea canvass did not satisfy the requirements of former NRS 174.035(1).

## CONCLUSION

We therefore reverse the district court's order denying the petition for a writ of habeas corpus. We remand this case and instruct the district court to allow Kidder to withdraw his guilty plea.

MAUPIN, J., dissenting:
I dissent.

---

[3]Although Kidder has not raised this point on appeal, Kidder was not informed either by the written plea agreement or during the plea canvass that a requirement to pay restitution was a direct consequence of his guilty plea. Thus, the district court erred in requiring restitution. Cruzado v. State, 110 Nev. 745, 747, 879 P.2d 1195, 1196 (1994). The court further erred in ordering Kidder to pay restitution "in an amount to be determined." NRS 176.033(1)(c); Botts v. State, 109 Nev. 567, 568-69, 854 P.2d 856, 857 (1993). Given our disposition of this appeal, we do not need to remedy these errors separately.