DARRELL GLENN LEE, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 28485

August 27, 1999                                    985 P.2d 164

*Joan D. Buckley,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart
L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy
District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of attempted robbery. The district court

sentenced appellant Darrell Glenn Lee to serve a minimum of eighteen (18) and a maximum of forty-five (45) months in the Nevada State Prison. Further, the district court ordered appellant to pay restitution in the amount of six hundred and sixty-four dollars and twenty cents ($664.20).

Appellant contends that the district court improperly ordered him to pay restitution because the district court did not inform him at the plea canvass that a requirement to pay restitution was a possible consequence of his guilty plea. Appellant accordingly asks this court to vacate the requirement in his judgment of conviction that he make restitution. Appellant cites to Cruzado v. State, 110 Nev. 745, 747, 879 P.2d 1195, 1196 (1994), which states that the district court must inform a defendant at the plea canvass of the direct consequences of his guilty plea, including the possibility of restitution.

We note, however, that the written plea agreement which appellant signed before entering his plea explicitly provides that, if appropriate, he would be ordered to make restitution to the victims of the offense to which he was entering his plea and to the victims of any related offense. Appellant acknowledged in open court that he had read the agreement and had discussed it with his attorney before signing it. Although the district court did not personally canvass appellant regarding restitution, appellant was fully informed by the written plea agreement that a requirement to pay restitution was a possible consequence of his plea. Appellant will not now be heard to complain that there is a technical requirement that this information must come directly from the district court. *Cf.* United States v. Grewal, 825 F.2d 220, 222 (9th Cir. 1987) (there is no constitutional error where a trial court has not informed a defendant on the record of the maximum possible penalty if the defendant otherwise knows the maximum possible penalty).

Also, we note that since the legislature's 1995 amendment of NRS 174.035(2) and enactment of NRS 174.063, written plea agreements are required to notify the defendant of the possibility of a restitution requirement. *See* 1995 Nev. Stat., ch. 480, § 1, at 1531-34. Under those statutes, only when the plea is entered orally is the district court explicitly required to canvass a defendant to determine that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea. NRS 174.035(2). Of course, even under these statutes, it is still advisable for the district courts to satisfy themselves and establish a record showing that each plea, including one entered

upon a written plea agreement, is entered voluntarily and with an understanding of the nature of the charges and the consequences of the plea. However, where, as here, the record shows that the defendant was otherwise fully informed regarding these matters, the defendant will not be heard to complain that this information did not come directly from the district court. To the extent that our opinion in *Cruzado* can be read otherwise it is hereby overruled. Accordingly, we affirm the district court's order for appellant to pay restitution.

Appellant further contends that the district court erred in denying his pre-judgment motion to withdraw his guilty plea because he was not granted a promised bail reduction and release on his own recognizance and because he did not knowingly and voluntarily waive his right to appeal. Appellant also contends that the district court abused its discretion by refusing to hold a hearing on his motion to withdraw his guilty plea.

The state argues that appellant may not challenge his guilty plea on direct appeal as a matter of law and because appellant, in his plea agreement, waived his right to appeal. We disagree. First, a district court's ruling on a pre-judgment motion to withdraw a guilty plea is reviewable on direct appeal from the judgment as an intermediate order in the proceeding. *See* Hargrove v. State, 100 Nev. 498, 502 n.3, 686 P.2d 222, 225 n.3 (1984) (citing NRS 177.045). Second, in the plea agreement, which followed the form set forth in NRS 174.063, appellant waived ''[t]he right to appeal the conviction . . . unless the appeal is based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings and except as otherwise provided in subsection 3 of NRS 174.035.'' We conclude that this clause in appellant's plea agreement does not bar this appeal.

Regarding appellant's claim that he was entitled to a hearing on his motion to withdraw his plea based on the alleged failure to obtain bail reduction and release on his own recognizance, bail reduction is not mentioned in appellant's plea agreement and was not discussed in the plea canvass. Appellant confirmed when he entered his plea that he had not received promises other than those contained in the plea agreement. Thus, the record repels appellant's claim that he had been promised bail reduction and release on his own recognizance in return for entering a guilty plea, and the district court was not required to conduct a hearing on that claim. *See Hargrove,* 100 Nev. at 502-03, 686 P.2d at 225.

Regarding the district court's denial of appellant's motion to withdraw the plea, the record shows that appellant was fully informed by the written plea agreement of the nature of the charges against him and the consequences of his plea. Further, the district court personally canvassed appellant at plea entry and determined that he knowingly waived his right to a trial. Moreover, appellant admitted in open court to committing the acts underlying the offense for which he entered his plea. On this record, the district court properly accepted appellant's guilty plea. *See* Hubbard v. State, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994); Bryant v. State, 102 Nev. 268, 273-74, 721 P.2d 364, 368-69 (1986). A guilty plea is presumptively valid, and appellant has failed to establish that his was not. *See Bryant,* 102 Nev. at 272, 721 P.2d at 368. The district court did not err or abuse its discretion in denying appellant's motion to withdraw the plea.

Finally, appellant contends that the district court had an inadequate factual basis for sentencing him because the presentence investigation report contained insufficient information about him. Appellant further contends that his sentence is based on speculation because the report recommends against probation since his actions ''could have resulted in more severe or serious consequences.''

The relative paucity of information on appellant in the presentence investigation report is due to appellant's refusal to speak or cooperate with the investigator who prepared the report. Review of the record in this case reveals, however, that appellant was not sentenced based on speculation. Rather, the district court sentenced appellant for the illegal acts that he committed. Consequently, this claim is not a basis for disturbing his sentence. See Lloyd v. State, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978) (this court will not interfere with a district court's sentencing determination unless the appellant can show that his sentence was based on information supported only by impalpable or highly suspect evidence). Accordingly, we affirm appellant's judgment of conviction, including the requirement that he pay restitution.