OPINION
 

 By the Court,
 

 Becker, J.:
 

 In 1996, respondent Bryan Scott Freese (“Freese”) was charged with nine criminal counts arising from sexual conduct with a minor. Pursuant to plea negotiations, Freese entered into a written plea agreement wherein he agreed to plead guilty to one count of sexual assault upon a minor under sixteen years of age. Freese entered his guilty plea on May 20, 1997. Freese filed a post-conviction petition for a writ of habeas corpus in 1998 alleging ineffective assistance of counsel and challenging the sufficiency of the plea canvass.
 

 The district court
 
 [1]
 
 granted the petition, finding that the canvass conducted by the district court was inadequate.
 
 [2]
 
 We disagree, and for the reasons set forth below, we reverse the district court’s order granting the post-conviction writ of habeas corpus.
 
 [3]
 

 FACTS
 

 In July of 1996, Ethan Williams (“Williams”) was a neighbor of Freese. Williams’ two-story home enabled him to view areas of
 
 *339
 
 the Freese residence. While in the bathroom of his residence, Williams observed Freese engaging in sexual activities, including what appeared to be sexual intercourse with a minor female child who was later determined to be five years old. Williams then contacted the police and reported what he had observed.
 

 After responding to Williams’ report and talking to the child, the police took her to Sunrise Hospital where a physical examination was conducted by a pediatrician. The examination revealed evidence of semen around the child’s genital area. Freese was informed of his
 
 Miranda
 
 rights, waived them, and gave a voluntary statement to the police. Freese admitted to masturbating in the child’s presence and ejaculating on her.
 

 On October 17, 1996, the Clark County Grand Jury returned a True Bill against Freese containing four counts of lewdness with a child under the age of fourteen years and five counts of sexual assault upon a minor under sixteen years of age. On May 20, 1997, Freese entered into a written plea agreement wherein he agreed to plead guilty to one count of sexual assault with a minor under sixteen years of age. In return for Freese’s plea of guilty, the district attorney’s office agreed not to proceed on the remaining counts. Freese then entered his guilty plea pursuant to the negotiations.
 

 Prior to accepting the guilty plea, the district court, in addition to reviewing the guilty plea memorandum, conducted the following canvass of Freese:
 

 THE COURT: Is your plea of guilty freely and voluntarily made?
 

 FREESE: Yes, it is.
 

 THE COURT: Is Mr. Wolfson your attorney?
 

 FREESE: Yes, he is.
 

 THE COURT: Have you discussed this matter with him?
 

 FREESE: Yes, I have.
 

 THE COURT: Has he explained the nature of the offense here charged against you?
 

 FREESE: Yes.
 

 THE COURT: Did he tell you what the elements of that offense are which the state would have to prove at the time of trial?
 

 FREESE: Yes, he has.
 

 THE COURT: Do you feel you understand those matters?
 

 FREESE: Yes.
 

 THE COURT: Did he tell you what sentence the court could impose by virtue of your guilty plea?
 

 FREESE: Yes, he has.
 

 
 *340
 
 THE COURT: What is your understanding of what the maximum sentence is?
 

 FREESE: Life with parole up to 20 or a sentence of five to 20 years.
 

 THE COURT: Exactly. Do you understand that the matter of sentencing is strictly up to the court and no one else can promise you anything?
 

 FREESE: Yes, I do.
 

 THE COURT: Do you understand that this is a nonprobationable offense, that you must serve some jail time?
 

 FREESE: Yes, I do.
 

 THE COURT: Have you read the guilty plea agreement on file?
 

 FREESE: Yes, I have.
 

 THE COURT: Do you understand everything that’s in it?
 

 FREESE: Yes, I have.
 

 THE COURT: Is it all true to the best of your knowledge?
 

 FREESE: Yes.
 

 THE COURT: Did you sign the agreement, Mr. Freese?
 

 FREESE: Yes, I have.
 

 THE COURT: When you read it and signed it, was Mr. Wolfson, your attorney, available to you to answer any questions that you might have?
 

 FREESE: Yes.
 

 THE COURT: When you read and signed the agreement, Mr. Freese, were you under the influence of alcohol, drugs, medicine, or illness, anything like that?
 

 FREESE: No, Sir.
 

 THE COURT: In this guilty plea agreement you make a plea negotiation with the state and as part of that plea negotiation you plead guilty to this offense of sexual assault with a minor under 16 years of age. Do you think it’s in your best interest to do that?
 

 FREESE: Yes, I do.
 

 THE COURT: Does this plea agreement state the entire negotiation you have made with the state?
 

 MR. WOLFSON: May I interject? I think inferentially it does, but to be totally specific, there are more counts in the original indictment. This amended indictment supercedes the original indictment, so by pleading guilty to the one count inferentially, the state will not be proceeding on the other counts. It doesn’t say that here, but by inference that’s what we understand the plea bargain to be.
 

 THE COURT: Is that your understanding, Mr. Freese?
 

 
 *341
 
 FREESE: Yes, Sir.
 

 THE COURT: The court accepts defendant’s plea of guilty under the plea agreement.
 

 Based upon the written plea memorandum and Freese’s responses to the oral canvass, the district court determined that Freese understood the nature of the offense and the consequences of his plea and that his plea was freely, voluntarily and knowingly made. The district court then accepted the guilty plea.
 

 On September 3, 1998, Freese filed a post-conviction petition for a writ of habeas corpus alleging ineffective assistance of counsel and challenging the sufficiency of the plea canvass. On October 14, 1998, the district court granted the petition solely on the ground that the plea canvass conducted by the district court judge was inadequate. Specifically, the district court found that the judge failed to ask Freese if Freese understood what rights he was waiving as a result of a guilty plea and to review the elements of the crime with Freese.
 

 The State of Nevada now appeals.
 

 DISCUSSION
 

 The State contends that the district court erred by concluding that the plea canvass conducted by the district court was insufficient to ensure that the plea was voluntary and that Freese understood the nature of the offense and the consequences of his plea. The State argues that the plea agreement, combined with the canvass conducted by the district court, establishes by a totality of the circumstances that Freese’s guilty plea was the result of a voluntary and informed choice. We agree.
 

 The district court based its decision in this case on Koerschner v. State, 111 Nev. 384, 892 P.2d 942 (1995). In
 
 Koerschner,
 
 this court held that “NRS 174.035(1) requires the district court to ‘personally’ address criminal defendants who plead guilty” and that the “existence of a written plea agreement [does] not remedy the district court’s failure to personally canvass.”
 
 Id.
 
 at 386-87, 892 P.2d at 944. The version of NRS 174.035 at issue in
 
 Koerschner
 
 read in relevant part: ‘ ‘The court . . . shall not accept [a plea of guilty] . . . without addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.” However, NRS 174.035 was amended prior to the onset of the current proceedings and no longer requires the courts to personally address a defendant regarding a plea agreement unless the agreement is made orally.
 
 See
 
 NRS 174.035(2). Accordingly,
 
 Koerschner
 
 is not applicable to the current version of NRS 174.035.
 

 
 *342
 
 In addition, to the extent that
 
 Koerschner
 
 may be read to require a ritualistic oral canvass of a defendant to determine if a defendant understands the nature of the offense and the consequences of a plea of guilty before finding a plea is voluntary, it is expressly overruled. This court will not invalidate a plea as long as the totality of the circumstances, as shown by the record, demonstrates that the plea was knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea.
 
 See
 
 Kidder v. State, 113 Nev. 341, 344, 934 P.2d 254, 256 (1997).
 
 [4]
 

 A defendant’s comprehension of the consequences of a plea, the voluntariness of a plea and the general validity of a plea are to be determined by reviewing the entire record and looking to the totality of the facts and circumstances surrounding the plea. A court must be able to conclude from the oral canvass, any written plea memorandum and the circumstances surrounding the execution of the memorandum
 
 (i.e.,
 
 did the defendant read it, have any questions about it, etc.) that the defendant’s plea was freely, voluntarily and knowingly made. No specific formula for making this determination is required. The record in this case demonstrates that Freese’s guilty plea was freely, voluntarily and knowingly made, therefore the district court erred in granting the petition.
 

 Waiver of rights
 

 Freese signed a plea agreement indicating that he waived the right to: (1) the privilege against self-incrimination; (2) a speedy and public trial by an impartial jury; (3) confront and cross-examine witnesses; (4) subpoena witnesses to testify on his behalf; (5) testify in his own defense; and (6) appeal the conviction.
 

 At the time of the entry of the plea, Freese was questioned about whether he read and understood the agreement and he answered affirmatively to both questions. Freese indicated he did not have any questions about the agreement. Moreover Freese’s correspondence to the district court supports the finding that Freese is an intelligent, competent individual who understood the written memorandum. Freese does not assert that he was incapable of reading or understanding the agreement, only that the
 
 *343
 
 district court never asked him specific questions.
 
 [5]
 
 We conclude, under the totality of the facts and circumstances of this case, including the plea agreement’s description of the rights to be waived by Freese, Freese’s statements that he read, understood and signed the agreement and his other responses to district court, that Freese was aware of the rights he was waiving.
 

 The elements of the crime
 

 During its plea canvass, the district court questioned Freese regarding whether his attorney explained the elements of the offense to him and whether he understood those elements. Freese answered yes to both questions. In addition, the plea agreement stated “I understand that by pleading guilty I admit the facts which support all the elements of the offense to which I now plead as set forth in Exhibit ‘1.’” Exhibit “1” is the charging document which delineated the elements of the crime of sexual assault upon a minor under sixteen years of age. We conclude that the district court’s plea canvass was not inadequate for failure to review the elements of the crime because Freese admitted to facts in the plea memorandum, and the memorandum and attached exhibit adequately advised him of the elements of the charges.
 
 See
 
 Hurd v. State, 114 Nev. 182, 953 P.2d 270 (1998).
 

 CONCLUSION
 

 After reviewing the record and considering the totality of the facts and circumstances surrounding the plea at issue, we conclude that the canvass conducted by the district court, together with the signed plea agreement, reveal that Freese understood the nature of the offense and the consequences of his plea. Freese freely, voluntarily and knowingly entered his plea of guilty. We therefore reverse the district court’s order granting Freese’s petition for writ of habeas corpus.
 

 Maupin and Shearing, JJ., concur.
 

 [1]
 

 The plea was entered before the Honorable Stephen Huffaker. Due to a general reassignment of criminal cases, the Honorable Michael L. Douglas heard the petition.
 

 [2]
 

 The issues relating to ineffective assistance of counsel were never addressed or decided by the district court.
 

 [3]
 

 Appellant’s pending motion to expedite appeal is denied as moot.
 

 [4]
 

 To the extent that
 
 Kidder
 
 may be read to require that specific inquires must be made by the district court during a plea canvass, it is also overruled.
 

 [5]
 

 In fact, at the time of the oral arguments before the district court, the State indicated that Freese was an employee of Clark County and an honorably discharged member of the armed forces at the time he entered his plea. Freese did not contest the accuracy of this information.