An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM CARL MISIEWICZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64003

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In his April 30, 2012, petition and his supplemental petitions, briefs and memorandums in support of the petitions, appellant claimed that his sentence constitutes cruel and unusual punishment, that his sentence violates the first amendment, that his arrest and the subsequent search, including the forfeiture of appellant's money, were unlawful, and that he has evidence of innocence. These claims fell outside the scope of claims permissible in a post-conviction habeas petition challenging a judgment of conviction based upon a guilty plea. *See* NRS 34.810(1)(a). Therefore, the district court did not err in denying these claims.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11378

Next, appellant claimed that his counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

First, appellant claimed that counsel was ineffective because she coerced appellant to plead guilty by utilizing intimidation tactics and she did not explain the consequences of the plea agreement. Additionally, appellant claimed that his plea was made without deliberation and pursuant to promises not on the record. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he entered his guilty plea voluntarily and did not act under duress or coercion. The guilty plea agreement provided that appellant signed the agreement voluntarily, after consultation with counsel, and that he was not acting under the virtue of any promises of leniency except for those set forth in the agreement. Moreover, the guilty plea agreement set forth the consequences of appellant's plea, and the district court

confirmed that appellant understood those consequences at the plea canvas. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to take adequate time to prepare a defense. Appellant failed to demonstrate either deficiency or prejudice for this claim as he did not support this claim with specific facts that, if true, would entitle him to relief. *See Hargrove v. State,* 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that counsel was ineffective for failing to discover or present evidence concerning appellant's character and emotional state and for failing to request a psychological examination of appellant. Appellant claimed that he committed the crimes under extreme mental and emotional disturbance and that counsel failed to investigate or present evidence of his mental state during mitigation. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. At sentencing, counsel argued that appellant suffered from severe depression and posttraumatic stress. Appellant did not allege or present further evidence of his mental state that counsel should have investigated and presented to the district court.[2] Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel was ineffective for failing to question any witnesses or take depositions of any victims.

---

[2]Appellant failed to demonstrate that he was incompetent—that he did not understand the proceedings or charges and was unable to assist his counsel during trial and sentencing in this case. *See* NRS 178.400(2); *Melchor-Gloria v. State,* 99 Nev. 174, 180, 600 P.2d 109, 113 (1983); *see also Dusky v. United States,* 362 U.S. 402 (1960).

Appellant claimed that, had counsel questioned the victims, the case would have been civil, and not criminal, in nature. Additionally, appellant claimed that his counsel failed to request a psychological examination of the victims. Appellant failed to support these claims with specific facts that, if true, would have entitled him to relief. *Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant failed to specify what victims or witnesses should have been interviewed or examined and what additional information would have been revealed. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel was ineffective for failing to use her office's full-time investigator and to investigate the victims' backgrounds. Appellant failed to support these claims with specific facts that, if true, would have entitled him to relief. *Id.* Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that trial counsel was ineffective for failing to file an appeal after he requested counsel to file one. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The guilty plea agreement stated that appellant unconditionally waived his right to a direct appeal of the conviction, "including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4)." This court has held that "[a] knowing and voluntary waiver of the right to appeal made pursuant to a plea bargain is valid and enforceable." *Cruzado v. State*, 110 Nev. 745, 747, 879 P.2d 1195, 1195 (1994), *overruled on other grounds by Lee v. State*, 115 Nev. 207, 985 P.2d 164 (1999). At the plea canvass, appellant indicated that he received a copy of the guilty plea agreement, read

through it, understood it, and had his attorney answer questions regarding the agreement before signing the agreement freely and voluntarily. Appellant further indicated that he understood the constitutional rights he was waiving pursuant to the plea agreement and discussed those rights with his attorney. Therefore, the district court did not err in denying this claim, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas Smith, District Judge
William Carl Misiewicz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.