An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: ROBERT C., A MINOR,

ROBERT C.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64579

**FILED**

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from an order granting certification of a child for criminal proceedings as an adult. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

Relying primarily on *Rueben C. v. State*, 99 Nev. 845, 673 P.2d 493 (1983), respondent has moved to dismiss this appeal based on appellant's entry of a guilty plea in the adult criminal proceedings. Appellant opposes the motion. He acknowledges that he has entered a guilty plea but suggests that dismissal of this appeal is not warranted because he has not yet been sentenced and he only waived his right to appeal "the conviction" as part of the guilty plea agreement.

In *Rueben C.*, this court applied the general rule that a guilty plea precludes the defendant from thereafter raising any errors that may have occurred before entry of the plea, *id.* at 845-46, 673 P.2d at 493 (citing *Tollett v. Henderson*, 411 U.S. 258 (1973)), and held "that a challenge to the juvenile proceedings which resulted in the filing of felony charges against appellant is precluded by the entry of a plea of guilty to

14-37581

those charges," *id.* at 846, 673 P.2d at 493-94. The holding in *Rueben C.* was dependent on the entry of the guilty plea, not whether the defendant had been sentenced, and appellant has not cited any authority supporting such a distinction. Whereas the entry of a guilty plea thereafter precludes a defendant from raising errors that occurred before entry of the plea, *Webb v. State*, 91 Nev. 469, 538 P.2d 164 (1975), the entry of a guilty plea does not waive the right to appeal, *see Franklin v. State*, 110 Nev. 750, 877 P.2d 1058 (1994) (identifying claims that may be raised on appeal from a judgment of conviction based on a guilty plea), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). Instead, a waiver of the right to appeal requires a knowing and voluntary waiver of that right. *Cruzado v. State*, 110 Nev. 745, 879 P.2d 1195 (1994), *overruled on other grounds by Lee v. State*, 115 Nev. 207, 985 P.2d 164 (1999). It therefore is of no moment that the guilty plea agreement included a waiver of the right to appeal that did not mention the challenge to the juvenile proceedings. Because the entry of the guilty plea in the adult criminal proceedings precludes a challenge to the juvenile proceedings that resulted in the filing of the adult criminal case, we grant the motion and

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. William O. Voy, District Judge, Family Court Division
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney/Juvenile Division
     Eighth District Court Clerk