# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAMIEN DEMETRIUS REESE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76599

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Damien Reese pleaded guilty to attempted battery with substantial bodily harm (Category D Felony/Gross Misdemeanor). The district court sentenced him to a term of 10 to 25 years under the habitual criminal statute. The judgment of conviction was affirmed on appeal. *Reese v. State*, Docket No. 70877 (Order of Affirmance, Ct. App. December 28,

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-16056

2017). Appellant filed a postconviction petition for a writ of habeas corpus, which the district court denied.[2]

Appellant claimed that his guilty plea was invalid. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Further, this court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

First, appellant claimed that the State and his attorney coerced him into pleading guilty. Specifically, he claimed that he failed to appear in court proceedings based on counsel's advice, which prompted the State to move to revoke bail and provoked him to plead guilty. He also claimed that he did not clearly express to his attorney that he intended to plead guilty. We conclude that appellant failed to demonstrate that his guilty plea was involuntary. The State sought to revoke bail in response to appellant accruing additional charges, not his failure to appear. Appellant also acknowledged that he was pleading guilty of his own volition and had not

---

[2]Appellant moved for the appointment of postconviction counsel pursuant to NRS 34.750. We conclude that the district court did not abuse its discretion in denying the motion as the issues involved in this litigation were not difficult, appellant appeared to comprehend the proceedings, and counsel was not necessary to proceed with discovery. *See* NRS 34.750(1).

been coerced into doing so. Regardless of how he communicated with his counsel, appellant expressed his explicit intent to plead guilty in his guilty plea agreement and in open court. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding a defendant entitled to evidentiary hearing where he has raised specific factual allegations that, if true, would entitle him to relief).

Second, appellant claimed that the district court had not canvassed him about the range of punishments he faced if he were sentenced as a habitual criminal. He asserted that the guilty plea agreement was confusing and he did not understand it. We conclude that this claim lacks merit. Under the terms of the plea agreement, the possibility that appellant would face habitual criminal treatment was not a direct consequence of the guilty plea but it was dependent on his conduct after entry of the guilty plea. Moreover, the plea agreement informed him of the penalties he faced under habitual criminal treatment and the circumstances under which the State may pursue it. *See Lee v. State*, 115 Nev. 207, 210, 985 P.2d 164, 166 (1999) (providing that where the record shows the defendant was otherwise fully informed of the consequences of his plea, he "will not be heard to complain that this information did not come directly from the district court"). Contrary to appellant's claim that the plea agreement was confusing, he affirmed that he understood it. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Appellant also claimed that his counsel should have presented evidence at sentencing that he attended necessary hearings and interviews

as well as seek a continuance so that the sentencing hearing could be conducted by Judge Villani, who had presided over the prior proceedings. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

We conclude that appellant failed to demonstrate deficient performance. The record shows that appellant failed to attend hearings and interviews with the Division of Parole and Probation, which prompted the State to pursue habitual criminal treatment. Counsel could not be expected to argue facts clearly contradicted by this record. *See generally Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (counsel cannot be deemed ineffective for failing to make futile objections). However, counsel did argue that appellant's obligations to other courts excused some of his absences. While appellant alleged that counsel told him he did not need to attend some hearings, he did not allege that counsel instructed him to not appear for the interview at the probation department. He asserts that he later appeared for an interview, but it was after the State had filed its notice in response to his prior failure to appear. Appellant also failed to demonstrate prejudice. Appellant's failure to appear at subsequent

(O) 1947A

hearings was not the only violation of his obligations under the plea agreement. He had been arrested for additional charges after entry of his guilty plea. Considering this conduct, he failed to demonstrate a reasonable probability of a different outcome at sentencing had it occurred before Judge Villiani. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Having considered appellant's claims and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc: Hon. Michael Villani, District Judge
Damien Demetrius Reese
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk