INCEL JAMES BALL, Jr., Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 14157

May 26, 1983                                   663 P.2d 698

*Thomas E. Perkins,* State Public Defender, and *Michael K. Powell,* Special Deputy Public Defender, Carson City, for Appellant.

*Brian D. McKay,* Attorney General, and *Dan R. Reaser,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of one count of second degree kidnapping with the use of a deadly weapon. He later sought a writ of habeas corpus in the district court, contending that his plea was not entered knowingly and voluntarily. The district court denied relief, and this appeal followed.

Appellant primarily contends that the trial court violated NRS 174.035(1)[1] and Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981), by requesting the prosecutor, at the time of entry of the plea, to explain the elements of the offense to appellant. Appellant contends that it was the responsibility of the trial court to explain the elements of the offense.

We have never held that the entire canvass of a defendant must be conducted solely by the trial court. In this regard, we note that the trial court immediately followed the prosecutor's explanation of the elements of the offense by asking appellant if he understood that the prosecutor would have to prove all elements of the offense beyond a reasonable doubt to the jury, to which appellant replied in the affirmative. We conclude that this canvass was sufficient to meet the requirement that a trial court must personally address a defendant to determine if he understands the nature of the charge to which he is pleading. Neither Hanley v. State, *supra,* nor NRS 174.035(1) was therefore violated.

We have reviewed appellant's remaining contentions and find them to be without merit. Accordingly, we affirm the judgment of the district court.

---

[1] NRS 174.035(1) states in part that:

> The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.