PAUL STEVEN CROFT, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12935

June 22, 1983                          665 P.2d 248

*Powell and Ray,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *William A. Maddox,* District Attorney, and *Robert B. Walker,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged with one count of grand larceny and entered a plea of guilty. He now contends that his plea is constitutionally infirm and must be set aside, because the record does not adequately show the plea was knowingly and voluntarily entered. Specifically, appellant argues that the record does not affirmatively show he entered his plea with an understanding of the nature of the offense charged. We agree.

The constitutional requirement that a guilty plea be knowing and voluntary, *see* Boykin v. Alabama, 395 U.S. 238 (1969), includes a specific requirement that the accused understand the nature of the offense to which the plea is entered. Standen v. State, 99 Nev. 76, 657 P.2d 1159 (1983); Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); *see also* NRS 174.035(1) (prohibiting a trial court from accepting a guilty plea until the court has canvassed the accused and determined that he or she understands the nature of the offense). As we held in *Hanley,* this specific requirement demands that the record affirmatively show "*either* . . . that the defendant himself (not just his attorney) understood the elements of the offense to which the plea was entered *or* . . . that the defendant, *himself,* has made factual statements to the court which constitute an admission to the offense pled to." 97 Nev. at 135, 624 P.2d at 1390 (emphasis in original, footnote omitted). Thus, the requisite affirmative showing may be made by one of two alternative means, one involving the elements and the other the facts of the offense.

■■ ■

The record in this matter[1] does not adequately show that appellant personally understood the elements of grand larceny. The record reflects only that the appellant's attorney explained the elements of the offense to him. This is insufficient. Hanley v. State, 97 Nev. at 134-35, 624 P.2d at 1389-91; *see also* Henderson v. Morgan, 426 U.S. 637, 650-51 (1976) (concurring opinion of White, Stewart, Blackmun, and Powell, JJ.). Furthermore, the offense was described by the district court only as a "theft," involving personal property and "defined in NRS 205.220." This incomplete statement of the elements of the offense does not satisfy *Hanley*. Although appellant indicated he understood the charge, the elements of the charged offense were never set forth in the record. We are unable to infer his understanding of elements never explicitly delineated. *See* Standen v. State, *supra*.

■■ ■

However, the record below may affirmatively show that appellant understood the nature of the offense by revealing that appellant made factual statements to the court constituting an admission to the charged offense. The language of *Hanley, see* 97 Nev. at 134-35, 624 P.2d at 1390-91, implies that the accused must utter the factual statements from his or her own mouth.

---

[1]The relevant portions of the *voir dire* are as follows:

THE COURT: Mr. Croft, the Amended Information charges you only with Grand Larceny, a felony, which is defined in NRS 205.220. This is alleged to have been committed on or about June 15th, 1980, in Carson City. It involves the theft of certain personal property from the Carson Building Supply, which is alleged to be about $3,816 in checks; and that this took place at that particular business location, which is 5049 Highway 50 East in Carson City.
Do you understand those charges against you?
THE DEFENDANT: Yes, sir.
THE COURT: Then, aside from these negotiations has anyone made any promises to you regarding this case to induce you to plead guilty?
THE DEFENDANT: No, sir.
THE COURT: Mr. Damm [defense attorney] has advised you of the elements of the crime with which you are charged and it is the burden of the prosecution to prove your guilt beyond a reasonable doubt.
THE DEFENDANT: Yes.
THE COURT: All right. Knowing those rights are available to you do you still ask this Court to accept your plea of guilty today?
THE DEFENDANT: Yes, sir.
THE COURT: Are you pleading guilty because in truth and fact you are guilty and for no other reason?
THE DEFENDANT: I feel that I am guilty of some criminal offense.
THE COURT: That's acceptable. Thank you. I'll accept your plea. You may be seated.

However, we are of the view that if the court makes factual statements concerning the offense, *e.g.,* as here, by way of summary, that are sufficient to constitute an admission to the offense had they been made personally by the accused, then the accused may affirmatively adopt the court's factual statements as true, and thereby admit the offense by adoption. Personal recitation of facts by the accused is preferable but not necessary, provided the court states the facts at the hearing at which the guilty plea is taken, *see* Standen v. State, *supra,* and questions the accused concerning the factual statements in a way that makes the accused clearly aware that by adopting the court's factual statements he or she is admitting the offense.

The record before us does not show that appellant *personally* made factual statements to the court sufficient to constitute an admission to the charged grand larceny. Unless the record reveals that appellant affirmatively *adopted* a statement of facts by the court which would have constituted an admission if made by appellant personally, the guilty plea must be set aside.

The district court made a brief factual summary of the offense and then asked appellant whether he understood the charge against him. *See* note 1, *supra.* Although the court's statement of the facts of the offense would have been an admission had it been uttered by appellant, we do not consider the question: "Do you understand the charge?" sufficiently precise to render appellant's subsequent affirmative response an adoption of the facts as true. Appellant's response merely indicated that he understood the facts recited by the court; the response did not indicate that those facts were true. Had the court asked appellant if the facts described the offense that he committed, or of which he was in fact guilty, we would no doubt have reached the opposite conclusion. On the state of this record, however, we cannot infer that appellant made an admission by adoption of the facts as stated by the court.

As a result, we conclude that the record does not affirmatively show that appellant either entered his plea with an understanding of the elements of the offense, or made or adopted factual statements sufficient to constitute an admission of guilt. Thus, we must conclude that the record fails to show appellant entered his plea with an understanding of the nature of the offense.[2]

The judgment of conviction is reversed. The plea of guilty is set aside, and the matter is remanded to the district court for further proceedings.

[2]Indeed, during *voir dire* appellant indicated he was pleading guilty because he was guilty of "some criminal offense."