## DOMINIC RIDINGS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 13807

September 27, 1983          669 P.2d 718

*Peter L. Flangas,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*[1]

Pursuant to a plea bargain, appellant pleaded guilty to one count of attempting to obtain money under false pretenses in

[1]Chief Justice Manoukian and Justice Mowbray voluntarily disqualified themselves from the consideration of this case.

violation of NRS 205.380. On appeal he contends that his plea was constitutionally infirm because the record does not affirmatively show that the plea was entered knowingly and voluntarily. We agree.

In order for a plea to be constitutionally valid, the record must affirmatively show either "that the defendant himself (not just his attorney) understood the elements of the offense to which the plea was entered . . . [or] made factual statements to the court which constitute an admission to the offense pled to." Hanley v. State, 97 Nev. 130, 135, 624 P.2d 1387, 1390 (1981) (footnote omitted).

At no time on the record did anyone explain to appellant the elements of the crime of attempting to obtain money under false pretenses. Moreover, at the plea hearing appellant did admit to some of the facts underlying the charged offense, but he did not admit to having an intent to defraud, which is an element of the crime.[2] See Gonzales v. State, 96 Nev. 562, 613 P.2d 410 (1980).

Accordingly, the requisite showing that the plea was entered knowingly and voluntarily does not appear of record. The judgment of conviction is therefore reversed. The plea of guilty is set aside, and the matter is remanded to the district court for further proceedings.

---

[2] NRS 205.380 provides in part that:

1. Every person who knowingly and designedly by any false pretense obtains from any other person . . . money . . . or other valuable thing . . . with intent to cheat or defraud the other person, is a cheat, and . . . shall be punished. . . .