An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ABELL DIEUDONNE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60507

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

First, appellant Abell Dieudonne contends that the district court erred by denying his claim of ineffective assistance of counsel. Dieudonne has the burden of proving that counsel's performance was deficient and resulted in prejudice. See Kirksey v. State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (explaining that when the conviction is the result of a guilty plea "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to satisfy the prejudice requirement (internal quotation marks and emphasis omitted)). He must prove the factual allegations underlying his claim by a preponderance of the evidence. Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10481

application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).[1]

Dieudonne contended that his counsel rendered ineffective assistance by coercing him into accepting his plea agreement by "strongly pressuring" him into believing that his counts would run concurrently. The district court concluded that counsel did not pressure or coerce Dieudonne into accepting the plea and that he failed to establish deficiency or prejudice. Having reviewed the record, including counsel's testimony that he made no promises to Dieudonne that the counts would run concurrently, we conclude that counsel did not perform deficiently. Furthermore, Dieudonne did not testify during the evidentiary hearing or argue on appeal that, but for his belief that the counts would run concurrently, he would have insisted on going to trial and risked being convicted of first-degree murder and sentenced to life in prison without the possibility of parole. Accordingly, we conclude that counsel was not ineffective.

Second, Dieudonne contends that the district court erred by concluding that his guilty plea was knowingly, voluntarily, and intelligently entered. "On appeal from the district court's determination, we will presume that the lower court correctly assessed the validity of the

---

[1]We note that post-conviction counsel's opening brief is devoid of any reference to Nevada law, including the relevant standard of review for Dieudonne's claims of error. NRAP 28(a)(9) requires opening briefs to contain a concise statement of the applicable standard of review and citation to the relevant authorities upon which appellant relies. As counsel acknowledged in his attorney certification, failure to follow the requirements of the Nevada Rules of Appellate Procedure may result in sanctions. See NRAP 28.2(b).

plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), limited on other grounds by Smith v. State, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994); see also State v. Freese, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000). Having reviewed the entire record and the totality of the facts and circumstances surrounding the plea, including the district court's thorough plea canvass and Dieudonne's testimony that he knew the judge had the discretion to sentence him to consecutive counts and life in prison, we conclude that the district court correctly assessed the validity of Dieudonne's plea and did not abuse its discretion.

Having considered Dieudonne's contentions and concluded that the district court did not err by denying his post-conviction petition, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Doug Smith, District Judge
        Keith C. Brower
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk