An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBIN ULISES GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61660

FILED

MAY 1 5 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Robin Ulises Garcia's post-conviction motion to withdraw his guilty plea. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Garcia contends that the district court erred by denying his motion to withdraw his guilty plea. Garcia claims that his plea was not entered knowingly and intelligently because he was not informed that his guilty plea to an aggravated felony subjected him to mandatory deportation.[1] *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(F); *see also Padilla v. Kentucky*, 559 U.S. ___, ___, 130 S. Ct. 1473, 1483 (2010); *United States v. Bonilla*, 637 F.3d 980, 984 (9th Cir. 2011). We disagree with Garcia's contention.

A district court may grant a post-conviction motion to withdraw a guilty plea in order to "correct manifest injustice." NRS 176.165; *see also Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985); *Strickland v.*

---

[1]Garcia pleaded guilty to one count of felony coercion. The district court imposed a probationary term not to exceed 5 years with an underlying sentence of 18-48 months.

*Washington*, 466 U.S. 668, 687 (1984); *Rubio v. State*, 124 Nev. 1032, 1039-40, 194 P.3d 1224, 1228-29 (2008). Here, the district court conducted a hearing on the motion and heard arguments from counsel; however, as the district court noted, Garcia "called no witnesses and submitted no affidavits." Garcia was not present at the hearing due to his apparent deportation and his former defense counsel was not called to testify. As a result, the district court determined that Garcia "failed to meet his burden of showing that his defense counsel was ineffective" and denied the motion. We conclude that the district court did not abuse its discretion by denying Garcia's motion to withdraw his guilty plea, *see Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Janet J. Berry, District Judge
       Ian E. Silverberg
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk