An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JESUS B. VEGA-REYNOSO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62369

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Jesus B. Vega-Reynoso's post-conviction motion to withdraw his guilty plea. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Vega-Reynoso contends that the district court erred by denying his motion to withdraw his guilty plea. Vega-Reynoso claims that his plea was not entered knowingly and intelligently because he was not informed that his guilty plea to an aggravated felony subjected him to mandatory deportation.[1] *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(B); *see also Padilla v. Kentucky*, 559 U.S. ___, ___, 130 S. Ct. 1473, 1483 (2010); *United States v. Bonilla*, 637 F.3d 980, 984 (9th Cir. 2011). We disagree with Vega-Reynoso's contention.

---

[1]Vega-Reynoso pleaded guilty to one count of unlawful sale of a controlled substance. The district court imposed a probationary term not to exceed 5 years with an underlying sentence of 12-36 months.

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 17510

A district court may grant a post-conviction motion to withdraw a guilty plea in order to "correct manifest injustice." NRS 176.165; *see also Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rubio v. State*, 124 Nev. 1032, 1039-40, 194 P.3d 1224, 1228-29 (2008). Here, the district court found that Vega-Reynoso was informed that his guilty plea and conviction "will likely have adverse effects" and "would likely result in deportation," and determined that Vega-Reynoso failed to demonstrate that he was entitled to the withdrawal of his guilty plea based on a manifest injustice. Most importantly, the district court found that Vega-Reynoso "has not presented any evidence, by affidavit or otherwise, that he was not aware of the consequences of his guilty plea on his immigration status." Additionally, the district court determined that Vega-Reynoso's delay in filing his motion, and the subsequent loss of evidence, "will prejudice the State, which is no longer in a position to prosecute Defendant." We conclude that Vega-Reynoso failed to demonstrate that his plea was invalid, *see Rubio*, 124 Nev. at 1039-40, 194 P.3d at 1228-29, and the district court did not abuse its discretion by denying his motion, *see Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Janet J. Berry, District Judge
Ian E. Silverberg
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk