An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ISRAEL LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62550

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a motion to withdraw a guilty plea or, alternatively, to correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his motion filed on November 17, 2012, appellant claimed that his guilty plea was invalid because he was not informed that he would have to pay restitution. To the extent that appellant sought to withdraw his guilty plea, we conclude that the equitable doctrine of laches precluded consideration of the motion because there was a more than five-year delay from entry of the judgment of conviction, there was inexcusable delay in seeking relief, an implied waiver exists from appellant's knowing acquiescence in existing conditions, and the State may suffer prejudice from the delay. *Hart v. State*, 116 Nev. 558, 563-64, 1 P.3d 969, 972 (2000). Even assuming that appellant could overcome application of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27763

laches, appellant failed to demonstrate that his plea was invalid. *See State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant v. State*, 102 Nev. 268, 271, 721 P.2d 364, 367 (1986). Appellant was informed of the possibility of restitution in the written plea agreement, and he affirmed during the plea canvass that he had read and understood the plea agreement. Therefore, the district court did not err in denying this portion of the motion.

Appellant also claimed that the amount of restitution was incorrect and that the restitution was imposed in an improper manner. To the extent that appellant sought to correct his sentence on this basis, he failed to demonstrate that his sentence was facially illegal. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, the district court did not err in denying this portion of the motion.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Jerome T. Tao, District Judge
Israel Lopez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk