An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDRES HERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63685

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Andres Hernandez's post-conviction motion to withdraw his guilty plea. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Hernandez contends that the district court erred by denying his post-conviction motion to withdraw his guilty plea. Hernandez claims that the district court did not consider the totality of the circumstances surrounding the entry of his plea, because "[i]f the Court would have done this, it would have realized that [his] plea was made under the misconception that he would be granted an opportunity at probation and potentially be able to withdraw his plea and receive a gross misdemeanor."[1] Hernandez argued below that he was unable to receive

---

[1]Hernandez pleaded guilty to possession of a stolen vehicle and was initially sentenced to a suspended prison term of 12-48 months with a probationary period not to exceed 4 years. After a probation revocation proceeding in which the probationary term was reinstated, the district court entered an amended judgment of conviction adding the condition that Hernandez successfully complete the drug court program.

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 11417

the benefit of the plea bargain due to an immigration hold and eventual deportation. We disagree with Hernandez's contention.[2]

A district court may grant a post-conviction motion to withdraw a guilty plea in order to "correct manifest injustice." NRS 176.165; *Rubio v. State*, 124 Nev. 1032, 1039-40, 194 P.3d 1224, 1228-29 (2008). Here, the district court conducted a hearing on the motion, heard arguments from counsel, and determined that Hernandez's guilty plea "was knowingly and voluntarily made and given the totality of the circumstances related to [his] subsequent actions since his sentencing, the Court does not believe manifest injustice results by not permitting him to withdraw his guilty plea." In its written order, the district court also found that Hernandez's manifest-injustice argument was barred by the equitable doctrine of laches. *See Hart v. State*, 116 Nev. 558, 563-65, 1 P.3d 969, 972-73 (2000) ("[C]onsideration of the equitable doctrine of laches is necessary in determining whether a defendant has shown 'manifest injustice' that would permit withdrawal of a plea after sentencing."). Most importantly, our review of the record reveals that the provision in the guilty plea agreement allowing Hernandez to withdraw his plea to the felony and enter a plea to a gross misdemeanor upon the successful completion of probation was no longer part of the plea deal after he was arrested three times during the time period between the entry of his guilty plea and the sentencing hearing. Therefore, we conclude that the district court did not abuse its discretion by denying Hernandez's post-

---

[2]Hernandez also claims that he "was misinformed about the immigration consequences of a guilty plea in this case." Hernandez offers no argument on appeal in support of this claim; therefore, we need not address it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

conviction motion to withdraw his guilty plea, *see Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
      Bush & Levy, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]The fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text in the body of the briefs is not double-spaced. Counsel for Hernandez is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).