An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN RUSSELL SILVEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64056

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to an *Alford*[1] plea, of second-degree murder. Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

Appellant challenges the district court's order denying his presentence motion to withdraw his guilty plea on the ground that it was involuntary. NRS 176.165 permits a defendant to file a motion to withdraw a guilty plea before sentencing. The district court may grant such a motion in its discretion for any substantial reason that is fair and just. *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969). "On appeal from a district court's denial of a motion to withdraw a guilty plea, this court 'will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of

_____

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19076

discretion.'" *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (quoting *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986)); *see Crawford v. State*, 117 Nev. 718, 721-22, 30 P.3d 1123, 1125-26 (2001) (observing that the defendant bears the burden of showing that a plea was not entered knowingly, voluntarily, and intelligently).

In support of his motion to withdraw his guilty plea, appellant presented a handwritten letter explaining that his extended solitary confinement caused him to be susceptible to "subtle coercive tactics and maneuvering by the Churchill County Sheriff's Office, implemented in concert with the Churchill County DA's Office 'Fast track' rhetoric." No other evidence or argument was presented to the district court. Appellant argues that the district court abused its discretion by not inquiring into the state of his mental health during the plea canvass, including the psychological effects of incarceration. While the record indicates that appellant experienced psychological problems, he has not adequately explained how those problems resulted in an involuntary guilty plea, and he presented the district court with nothing more than a bare allegation that his stay in solitary confinement rendered his plea involuntary.[2] Although the district court did not expressly query appellant about his mental state, appellant indicated that he understood the plea agreement, the nature of the charge, and the consequences of his plea, and that he was not coerced or threatened into pleading guilty. Because we conclude

---

[2]The district court found appellant competent to stand trial approximately 13 months before he entered his guilty plea.

that the district court did not abuse its discretion by denying appellant's presentence motion to withdraw his guilty plea, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. Thomas L. Stockard, District Judge
Hon. Robert E. Estes, Senior Judge
David Kalo Neidert
Churchill County District Attorney/Fallon
Attorney General/Carson City
Churchill County Clerk