An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDYN WILLIAM GAYLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64980

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his petition filed on September 16, 2013, appellant challenged his judgment of conviction and revocation of his probation.[2] First, appellant claimed that his guilty plea was invalid. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]The district court denied the claims on the merits but also found that the petition was procedurally barred because it was filed more than one year after appellant was originally sentenced. The record reflects that appellant was sentenced and placed on probation on August 4, 2011, but no judgment of conviction was filed. Appellant's probation was subsequently revoked and an amended judgment of conviction was filed on September 26, 2012. Because appellant filed his petition within one year of entry of this judgment of conviction, his petition was timely filed. *See* NRS 34.726(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23760

that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

Appellant claimed that his plea was not knowingly or voluntarily entered because the district court failed to adequately canvass him about the factual basis of the plea, he did not understand the charges against him, and he did not commit the offense of attempted sexual assault. We conclude that appellant failed to demonstrate that his plea was invalid. During the plea canvass, appellant affirmed that he understood that he was being charged with attempted sexual assault, he had read and understood the plea agreement, and he had no questions about it. The district court read the charge of attempted sexual assault to appellant and appellant affirmed that he was pleading guilty because he was actually guilty. Thus, the record belies his claim that he did not knowingly and voluntarily enter in the plea agreement. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Furthermore, appellant received substantial benefits by pleading guilty. In exchange for his guilty plea to one count of attempted sexual assault, the State dismissed four counts of sexual assault as well as three other felony counts, did not oppose probation, and agreed to allow appellant to withdraw his plea upon successful completion of probation and enter a guilty plea for the non-sex offense of felony coercion. Therefore, the totality of the circumstances demonstrates that appellant's plea was valid, and the district court did not err in denying this claim.

Next, appellant claimed that the district court relied on false assumptions at sentencing and that his sentence was excessive and disproportionate to the offense. These claims were not permissible in a post-conviction petition for a writ of habeas corpus that challenges a judgment based upon a guilty plea. *See* NRS 34.810(1)(a). Therefore, the district court did not err in denying these claims.

Finally, appellant also claimed that his due process rights were violated during the probation revocation proceedings. Specifically, he claimed that the State did not present sufficient evidence of the probation violations at the hearing and thus the revocation was not based on verified facts, the alleged violations did not warrant revocation, and the district court revoked his probation based on improper information and biased assumptions. Appellant failed to demonstrate that he was entitled to relief. Appellant stipulated at the hearing to the following probation violations: using marijuana, being behind in restitution payments, having impermissible contact with a probationer, and being arrested for obstructing a police officer. In light of his stipulation, he failed to demonstrate that there was insufficient evidence to justify the probation revocation or that the district court abused its discretion in revoking probation. *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974) ("The evidence and facts must reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."); *see also McNallen v. State*, 91 Nev. 592, 540 P.2d 121 (1975) (affirming revocation of probation where probationer did

not refute violation).  Therefore, we conclude that the district court did not err in denying these claims.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jerome T. Tao, District Judge
       Brandyn William Gayler
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We deny appellant's proper person motions to stay all pending appeals, to join cases on appeal, and to clarify.