An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL DWAYNE GREEN,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
Respondent.

No. 64632

FILED

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant Daniel Green's post-conviction petition for a writ of habeas corpus. Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

Green claims that the failure to provide him reasonable access to defense services and resources violated due process by effectively depriving him of his right to self-representation. Green waived this claim when he entered his guilty plea. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) ("'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. . . . [A defendant] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" (first alteration in original) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))). Further, the claim lacks merit. The district court appointed two attorneys as standby counsel for Green to make sure that he had access to evidence and discovery to prepare his defense. Although one of the standby attorneys was directed not to provide any legal assistance to Green, the other was specifically directed to answer any legal questions

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23796

Green might have and Green did not utilize this resource. And, although limited because of Green's incarceration while preparing for trial, Green was provided access to a law library and legal materials and was given adequate supplies, such as paper and pencils, necessary for preparing his defense. Finally, although the use of restraints may have frustrated Green and interfered with his ability to take notes when reviewing evidence and discovery with standby counsel, the use of the restraints was necessary due to Green's conduct and threats of violence and there is no indication that their use precluded Green from reviewing the materials or taking notes.

Next, Green claims that the district court erred by finding that his plea was knowingly, voluntarily, and intelligently entered. Green asserts that he felt compelled to enter the plea and his plea is invalid because he had no reasonable opportunity to prepare or conduct any effective defense.

"A guilty plea is presumptively valid, and [a petitioner has] the burden of establishing that the plea was not entered knowingly and intelligently." *McConnell v. State*, 125 Nev. 243, 250, 212 P.3d 307, 312 (2009). The district court must look to the totality of the circumstances when reviewing the validity of a guilty plea. *Id.* We "presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).

The district court conducted an evidentiary hearing and found that the record belied Green's allegations regarding his plea. Green represented himself and actively participated in the plea negotiations. At

the plea canvass, Green discussed the charges he was facing, the factual allegations, and the potential penalties associated with each charge. The court also found that Green was given adequate access to resources to help prepare his defense and that Green's failure to utilize those resources did not render his plea involuntary. We conclude that the district court's findings are supported by the record and Green failed to demonstrate that his plea was invalid. Therefore, we affirm the denial of this claim.

Finally, Green claims that the district court erred by finding that he received the effective assistance of standby counsel. He alleges that standby counsel only acted as a runner of evidence and did not provide him with legal advice, which left him without reasonable access to defense services. The district court determined that because Green waived his right to counsel and chose to represent himself, he did not have a constitutional right to the effective assistance of standby counsel. *See McConnell*, 125 Nev. at 252, 212 P.3d at 314. The court further found that Green failed to establish that his standby counsel were ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing two-part test for evaluating ineffective-assistance-of-counsel claims); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting test in *Strickland*). The court determined that standby counsel made sure that Green had access to what he needed to prepare his defense and Green's failure to ask questions or seek advice from the standby counsel charged with answering such questions did not render standby counsel's performance deficient. Finally, the court determined that Green failed to demonstrate prejudice because he failed to demonstrate that he would not have pleaded guilty and/or the outcome at sentencing would have been different absent the alleged deficiencies. The district court's findings are

supported by substantial evidence, are not clearly erroneous, and not incorrect as a matter of law. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). We, therefore, affirm the denial of this claim.

Having concluded that Green's claims lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Thomas L. Stockard, District Judge
      Hon. Robert E. Estes, Senior Judge
      Law Offices of John P. Schlegelmilch, Ltd.
      Evenson Law Office
      Churchill County District Attorney/Fallon
      Attorney General/Carson City
      Churchill County Clerk