An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALESHA MICHELLE CARTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65515

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In her petition filed on July 10, 2013, appellant claimed that she received ineffective assistance of trial counsel.[2] To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings

---

[1] This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2] To the extent that she raised any claims independently of claims of ineffective assistance of trial counsel or claims challenging the validity of the guilty plea, those claims were outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction arising from a guilty plea. *See* NRS 34.810(1)(a).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30805

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that her trial counsel was ineffective for failing to investigate and object to alleged errors in the presentence investigation report and argue for probation. Appellant claimed that the presentence investigation report erroneously stated that she had three prior prison terms. A review of the presentence investigation report indicates that appellant received terms of imprisonment in two cases to run concurrently.[3] Despite the apparent factual error, appellant failed to

---

[3]The State asserted a third case involved a term of imprisonment but the presentence investigation report indicates that the third case identified by the State involved a gross misdemeanor and a jail sentence.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

demonstrate that there was a reasonable probability of a different outcome at sentencing had counsel objected. The district court made it clear that it was sentencing appellant based on her very lengthy criminal history, which included 5 felony convictions, 1 gross misdemeanor, and 20 misdemeanors. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that her trial counsel was ineffective for failing to object to information about new out-of-state charges at sentencing. Appellant claimed that the new charges should not have been considered because they were later dismissed. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Appellant's counsel did argue that the out-of-state charges would likely be dismissed. The district court expressly stated that the out-of-state charges were not considered in the sentencing decision. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that her trial counsel failed to adequately communicate with her and that trial counsel's own legal troubles rendered him ineffective. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Appellant failed to demonstrate what further communication was required or how it would have had a reasonable probability of altering the outcome of the proceedings. The fact that trial counsel had legal troubles develop during his representation of appellant does not by itself demonstrate ineffective assistance of counsel and appellant has not provided any specific instances of how counsel's performance was affected by trial

counsel's legal troubles. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that her trial counsel failed to advise her of the appeal process. Appellant failed to demonstrate that her counsel's performance was deficient or that she was prejudiced. Appellant, who acknowledged reading and understanding the written guilty plea agreement, waived her right to appeal in the written guilty plea agreement. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claimed that her plea was invalid. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

Appellant claimed that her plea was invalid because she believed that she would receive probation. She noted that the State had agreed not to oppose probation in the plea agreement. Appellant failed to carry her burden of demonstrating her plea was invalid. In her petition, appellant acknowledged that she was not promised probation but only had a hope in receiving probation. Although the parties agreed that the State would not oppose probation, appellant was informed that sentencing decisions were left in the district court's discretion and no promise of probation was made. Appellant's mere subjective belief regarding

sentencing was insufficient to invalidate her decision to enter a guilty plea. *Rouse v. State*, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975). Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Douglas W. Herndon, District Judge
      Alesha Michelle Carter
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.