# IN THE SUPREME COURT OF THE STATE OF NEVADA

ORIOL MARRERO-CALVO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75800

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery with use of a deadly weapon constituting domestic violence. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Oriol Marrero-Calvo contends that the district court abused its discretion by denying his presentence motion to withdraw a guilty plea. We disagree.

A district court has discretion to grant a motion to withdraw a plea for a substantial reason that is fair and just and the district court must consider the totality of the circumstances. *Stevenson v. State*, 131 Nev. 598, 603, 354 P.3d 1277, 1281 (2015). "On appeal . . . this court 'will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion.'" *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (quoting *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986)).

Here, Marrero-Calvo contends that he was incompetent when entering his guilty plea because he was deemed incompetent approximately five months after the entry of plea. However, "[t]he test to be applied in determining competency 'must be whether [the defendant] has sufficient

19-38156

*present ability* to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (emphasis added) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

At entry of plea, the district court thoroughly canvassed Marrero-Calvo on the decision to enter a plea of guilty before accepting his plea. Marrero-Calvo did not appear impaired or unable to understand the proceedings. During the canvass, Marrero-Calvo stated that he was taking medication and defense counsel informed the district court that Marrero-Calvo was previously diagnosed with mental health disorders and Marrero-Calvo took prescribed medication to maintain his competency. The district court inquired further into the issue and ascertained that the medication did not impair his ability to understand the proceedings.

At the evidentiary hearing on Marrero-Calvo's motion to withdraw his guilty plea a psychologist testified for Marrero-Calvo. The psychologist reviewed records and testified that Marrero-Calvo was found incompetent approximately five months after entry of plea. Marrero-Calvo was subsequently admitted to treatment for approximately six weeks. During treatment, Marrero-Calvo's medications were changed and he regained competency. Based on this, the psychologist opined that Marrero-Calvo was likely incompetent before the formal determination of incompetency. Marrero-Calvo's prior counsel testified that he never observed anything to indicate Marrero-Calvo did not understand the nature of the charges or the consequences of pleading guilty. An officer for parole and probation testified that during her interaction with Marrero-Calvo she did not observe any sign that raised concern about Marrero-Calvo's

SUPREME COURT
OF
NEVADA

(O) 1947A

2

competency. Additionally, medical records from corrections staff dated near the time of arraignment noted nothing abnormal, that Marrero-Calvo was improving, and Marrero-Calvo reported that his medications were working.

Ultimately, the district court found that the Marrero-Calvo was competent at the time that he entered the plea based on the totality of the circumstances. Nothing in the record indicates that the district court abused its discretion in denying the motion. *See Graves v. State*, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996) ("[T]rial judges are much more competent to judge a defendant's understanding than this court."). Accordingly, we ORDER the judgment of conviction AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:   Hon. Eric Johnson, District Judge
      Law Office of Betsy Allen
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.